Case 5:25-cv-00222   Document 17   Filed 12/24/25 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
December 24, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| BERTA MARIA SOLARES RODRIGUEZ, | § § § § § § § § § § § | |
| Petitioner, | | |
| v. | | CIVIL ACTION NO. 5:25-CV-222 |
| KRISTI NOEM, ET AL., | | |
| Respondents. | | |

## MEMORANDUM OPINION AND ORDER

Petitioner Berta Maria Solares Rodriguez is currently in federal custody at the Webb County Detention Center in Laredo, Texas. (Dkt. No. 1 at 12; Dkt. No. 14 at 2).[1] Before the Court is Petitioner's Petition for Writ of Habeas Corpus, (Dkt. No. 1), Petitioner's Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction, (Dkt. No. 2), and Respondents' Response to Petitioner's Petition for Writ of Habeas Corpus and Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction and Motion to Dismiss Petition for Writ of Habeas Corpus, (Dkt. No. 14). The issue before the Court is whether Petitioner, an undocumented immigrant, is entitled to a bond hearing before an Immigration Judge. This Court is not considering whether Petitioner should be released on bond, as that decision lies with an Immigration Judge.

### I. BACKGROUND

Petitioner, a citizen of Guatemala, challenges her ongoing detention without a bond hearing and Respondents' statutory authority to detain her. Petitioner entered the United States without inspection on or about January 27, 2008, near McAllen, Texas.

---

[1] When citing to the page numbers of any document in the record, the Court will cite to the page numbering of the Court's internal CM/ECF docket system, and not to the page numbers in the underlying documents.

(Dkt. No. 1 at 15; Dkt. No. 14-4 at 1). She was most recently living in Dallas, Texas, with her three minor children, who are all United States citizens. (Dkt. No. 1 at 15).

According to immigration documents submitted by Respondents, Petitioner was arrested on October 23, 2025, by the Dallas Police Department and charged with misdemeanor assault causing bodily injury on a family member. (Dkt. No. 14-2 at 4). Petitioner characterizes this as the result of a disagreement between herself and Elmer Alexi Carbajal, her common-law partner and the father of two of her children. (Dkt. No. 1 at 16). Petitioner has no other criminal history. (Dkt. No. 14-2 at 4).

On November 8, 2025, Petitioner was transferred from the Dallas Police Department's custody to Immigration and Customs Enforcement (ICE) for removal proceedings. (*Id.*; Dkt. No. 14-2 at 4). She was served a Notice to Appear, designating her as a noncitizen "present in the United States without being admitted or paroled." (Dkt. No. 1-2 at 121; Dkt. No. 14-4 at 1). At the time her federal custody began, Petitioner had been residing in the United States for approximately seventeen years. Petitioner filed a petition for a writ of habeas corpus, asserting that she is entitled to a bond hearing under 8 U.S.C. § 1226(a). (Dkt. No. 1). She requests, among other things, that the Court issue an order requiring Respondents to release her or, alternatively, provide a bond hearing within three days.

## II. LEGAL STANDARDS

### A. Rule 12(b)(1) Motion to Dismiss

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation omitted). When reviewing a motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1), a district court may dismiss the action based upon: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts. *Williams v. Wynne,* 533 F.3d 360, 365 n.2 (5th Cir. 2008). The party who invokes federal court jurisdiction bears the burden of showing that jurisdiction is proper. *Hartford Ins. Group v. Lou–Con Inc.,* 293 F.3d 908, 910 (5th Cir.

2002).

### B. 28 U.S.C. Section 2241

A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law. 28 U.S.C. § 2241. Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003); *Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005).

### C. 8 U.S.C. Sections 1226 and 1225

Section 1226 provides the general process for arresting and detaining noncitizens who are present in the United States and eligible for removal. 8 U.S.C. § 1226. The Supreme Court has explained that Section 1226(a) "sets out the default rule: The Attorney General may issue a warrant for the arrest and detention of an alien 'pending a decision on whether the alien is to be removed from the United States.'" *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018) (quoting § 1226(a)). "[T]he Attorney General may release an alien detained under § 1226(a) on bond or conditional parole." *Jennings*, 583 U.S. at 288 (citation modified). But "aliens who are covered by § 1225(b)(2) are detained pursuant to a different process" and "'shall be detained for a [removal] proceeding' if an immigration officer 'determines that [they are] not clearly and beyond a doubt entitled to be admitted' into the country." *Id.* (quoting § 1225(b)(2)(A)). Hence, "noncitizens detained under Section 1225(b)(2) must remain in custody for the duration of their removal proceedings, while those detained under Section 1226(a) are entitled to a bond hearing before an [Immigration Judge (IJ)] at any time before entry of a final removal order." *See Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1247 (W.D. Wash. 2025).

### III. DISCUSSION

Respondents request that the Court deny or dismiss the petition, asserting that Petitioner failed to exhaust administrative remedies and is properly detained under 8 U.S.C. § 1225(b)(2)(A). Before addressing the merits of Respondents' motion and the

underlying petition, the Court considers the effect of a recently certified class.

### A. Effect of the *Maldonado Bautista* Class Action

On November 25, 2025, a district court in the Central District of California certified a nationwide class under Rule 23(b)(2). *Maldonado Bautista v. Santacruz, Jr.*, No. 5:25-CV-1873, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025) (certifying a class including "[a]ll noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination"). That court previously granted petitioners partial summary judgment and then "extend[ed] the same declaratory relief granted to Petitioners to the Bond Eligible Class as a whole." *Id.*; *Maldonado Bautista v. Santacruz, Jr.*, No. 5:25-CV-1873, 2025 WL 3289861, at *11 (C.D. Cal. Nov. 20, 2025). The declaratory relief granted states that Respondents' new interpretation and mandatory detention policy under Section 1225(b)(2) is unlawful. *Maldonado Bautista*, 2025 WL 3289861, at *5, 11.

Respondents argue that there is no final judgment and that this Court is not bound. According to the docket in *Maldonado Bautista*, the Court has recently entered a final judgment declaring that the Bond Eligible Class is not subject to mandatory detention, vacating Respondents' policy as contrary to law, and certifying the claims for appeal. (*Maldonado Bautista v. Santacruz, Jr.*, No. 5:25-CV-1873, Dkt. Nos. 93, 94). Respondents in that case filed a notice of appeal to the Ninth Circuit. (*Id.* at Dkt. No. 95).

Here, the Court finds that Petitioner is a class member. She entered without inspection in 2008, she was not apprehended upon her arrival, and there are no alternative statutes that Respondents claim authorize her mandatory detention. Whether the Court is bound by the court in *Maldonado Bautista* or not, the outcome of the petition in this instant case is the same: Petitioner is entitled to a bond hearing. The Court finds that Petitioner is detained unlawfully under Section 1225(b)(2)(A) based on the independent grounds stated below, but the Court also finds that Petitioner is entitled to relief under the orders in *Maldonado Bautista*. *See Romero Santuario v. Bondi*, No. 25-4296, 2025 WL 3469577, at *2 (D. Minn. Dec. 2, 2025); *Mendes v. Hyde*, No. 25-CV-

627, slip op. at 6 (D.R.I. Dec. 5, 2025).

### B. Petitioner Is Not Required to Exhaust Administrative Remedies

Respondents move to dismiss the petition for failure to exhaust administrative remedies. Petitioner contends that exhausting her remedies would be futile under the BIA's decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), which held that IJs do not have jurisdiction to consider bond requests from detained noncitizens who are present in the United States without admission.

Respondents argue that Petitioner must at least request a bond hearing. First, they contend that federal prisoners must exhaust all administrative remedies before filing a Section 2241 habeas petition. Though, as Respondents acknowledge, the Fifth Circuit carves out an exception to exhaustion based on patent futility. (Dkt. No. 14 at 6) (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)) (noting that the exception should "apply only in extraordinary circumstances"). Respondents argue that the administrative remedy here is not patently futile.

This Court, along with others, has previously analyzed exhaustion of administrative remedies prior to filing Section 2241 habeas petitions regarding the denial of bond hearings.[2] As noted in those cases, there is no statutory requirement to exhaust remedies for alien detention claims; rather, "[u]nder the INA exhaustion of administrative remedies is only required by Congress for appeals on final orders of removal." *Lopez-Arevelo v. Ripa*, No. EP-25-CV-337, 2025 WL 2691828, at *6 (W.D. Tex. Sep. 22, 2025) (quoting *Garza-Garcia v. Moore*, 539 F. Supp. 2d 899, 904 (S.D. Tex. 2007)); *see also* 8 U.S.C. § 1252(d)(1) ("A court may review *a final order of removal* only if . . . the alien has exhausted all administrative remedies." (emphasis added)).

Here, Petitioner is not asking the court to review a final removal order, so there is no statutory requirement to exhaust. Aside from statutory requirements, federal prisoners generally must exhaust administrative remedies before filing a Section 2241 habeas petition. *See, e.g.*, *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012). However, exhaustion may be waived "where the attempt to exhaust such

---

[2] *Padron Covarrubias v. Vergara*, No. 5:25-CV-112, 2025 WL 2950096, at *6 (S.D. Tex. Oct. 3, 2025); *Perdomo Flores v. Noem*, No. 5:25-CV-162, slip op. at 5 (S.D. Tex. Nov. 25, 2025); *Luviano v. Noem*, No. 25-CV-188, slip op. (S.D. Tex. Dec. 12, 2025), *Gonzalez Rodriguez v. Bondi*, No. 25-CV-191, slip op. (S.D. Tex. Dec. 18, 2025); *Colmenero Lopez v. Noem*, No. 25-CV-221, slip op. (S.D. Tex. Dec. 22, 2025).

remedies would itself be a patently futile course of action." *Id.* (citing *Fuller*, 11 F.3d at 62).

Because the BIA has held that IJs lack jurisdiction to hear claims like Petitioner's, *Matter of Yajure Hurtado*, 29 I. & N. Dec. at 217, it would be patently futile to require her to seek relief in immigration court on this issue. Respondents argue that an administrative body's unlikeliness to rule in Petitioner's favor does not establish futility. However, futility here does not turn on whether an IJ would be likely to grant bond or award relief. Rather, Petitioner's request would be futile because an IJ would not have the authority to hear her claim under the BIA's current caselaw. The Court finds that, to the extent that prudential exhaustion of remedies would be required, it should be waived in this case. Therefore, Respondents' motion to dismiss based on failure to exhaust remedies is **DENIED**.

### C. Petitioner Is Entitled to a Bond Hearing Under Section 1226(a)

Respondents also ask the Court to deny the petition on the basis that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225. The primary issue here is whether Petitioner has been erroneously categorized as a detainee subject to 8 U.S.C. § 1225(b)(2), which prescribes mandatory detention during removal proceedings, or if she is subject to 8 U.S.C. § 1226(a), which provides for discretionary detention and a bond hearing. Petitioner contends that she is entitled to a bond hearing under Section 1226(a), while Respondents argue that she is subject to mandatory detention under Section 1225(b)(2), and therefore not entitled to a bond hearing.

The difference in interpretation stems from the Government's recent reevaluation of immigration detention authority. (*See* Dkt. No. 1 at 49). The Department of Homeland Security (DHS) and the Department of Justice (DOJ) released interim guidance on July 8, 2025, announcing a new legal position on detention and release authorities. (*Id.*). The guidance interprets Section 1225 as applying to the detention of all "applicants for admission," including all noncitizens who have not been admitted, whether or not they arrive at a port of entry. (*See id.*).

The Court has considered this issue in similar cases.[3] The substantial majority of

---

[3] *Padron Covarrubias*, No. 5:25-CV-112, 2025 WL 2950097 (S.D. Tex. Oct. 8, 2025); *Ortiz-Ortiz v. Bondi*, No. 5:25-CV-132, slip op. (S.D. Tex. Oct. 15, 2025); *Perdomo Flores*, No. 25-CV-162, slip op. (Nov. 25,

district courts to consider this issue, including this Court, have concluded, "the statutory text, the statute's history, Congressional intent, and [Section] 1226(a)'s application for the past three decades" support application of Section 1226. *Buenrostro-Mendez v. Bondi*, No. H-25-3726, 2025 WL 2886346, at *3 (S.D. Tex. Oct. 7, 2025) (quoting *Pizarro Reyes v. Raycraft*, No. 25-CV-12546, 2025 WL 2609425, at *4 (E.D. Mich. Sep. 9, 2025) and citing *Lopez-Arevelo*, 2025 WL 2691828, at *7); *see also Rodriguez v. Bostock*, No. 3:25-CV-5240, 2025 WL 2782499, at *1 & n.3 (W.D. Wash. Sep. 30, 2025) (collecting cases). Other courts have interpreted the statute differently, adopting Respondents' interpretation. *See, e.g.*, *Cabanas v. Bondi*, No. 4:25-CV-4830, 2025 WL 3171331 (S.D. Tex. Nov. 13, 2025); *Garibay-Robledo v. Noem*, No. 1:25-CV-177, slip op. (N.D. Tex. Oct. 24, 2025); *Chavez v. Noem*, No. 3:25-CV-2325, 2025 WL 2730228 (S.D. Cal. Sep. 24, 2025); *Vargas Lopez v. Trump*, No. 8:25CV526, 2025 WL 2780351 (D. Neb. Sep. 30, 2025).

Respondents ask the Court to reconsider its prior interpretation of the statute and rejection of Respondents' arguments, citing *Camreta v. Greene*, 563 U.S. 692, 701 n.7 (2011). The Court is not persuaded by the analysis that Respondents' arguments rely on. The Court will not repeat in detail the "well-reasoned analyses" supporting its interpretation of the statute. *See Perdomo Flores*, No. 25-CV-162, slip op. (Nov. 25, 2025) (addressing each of Respondents' arguments); *Buenrostro-Mendez*, 2025 WL 2886346, at *3 (citing *Chogllo Chafla v. Scott*, No. 2:25-CV-437, 2025 WL 2688541, at *5 (D. Me. Sep. 21, 2025)). But the Court will provide a concise summary of its statutory interpretation and the relevant persuasive authority.

*1. Statutory Interpretation*

Statutory interpretation "begins with the statutory text, and ends there as well if the text is unambiguous." *Kovac v. Wray*, 109 F.4th 331, 335 (5th Cir. 2024) (quoting *BedRoc Ltd. v. United States*, 541 U.S. 176, 183 (2004)). In evaluating the relevant statute here, the Court recognizes that the BIA and some district courts have found that the text unambiguously supports Respondents' interpretation of Section 1225. *Hurtado*, 29 I. & N. Dec. at 226; *Garibay-Robledo*, No. 1:25-CV-177, slip op. at 9; *Chavez*, 2025 WL

---

2025); *Leon Morales v. Warden of Rio Grande Processing Center*, No. 5:25-CV-141, slip op. (S.D. Tex. Dec. 11, 2025); *Luviano*, No. 25-CV-188, slip op. (Dec. 12, 2025), *Gonzalez Rodriguez*, No. 25-CV-191, slip op. (Dec. 18, 2025); *Lopez Amaya v. Noem*, No. 25-CV-196, slip op. (S.D. Tex. Dec. 19, 2025); *Colmenero Lopez*, No. 25-CV-221, slip op. (S.D. Tex. Dec. 22, 2025).

2730228, at *4.

However, the Court finds that the text of Section 1225 alone is not sufficiently clear to support Respondents' interpretation. As highlighted by other district courts, the statute is ambiguous on its face. *See, e.g.*, *Martinez-Elvir v. Olson*, No. 3:25-CV-589, 2025 WL 3006772, at *7 (W.D. Ky. Oct. 27, 2025) ("[T]he statutory text does not definitely answer what it means to be 'present' yet 'not . . . admitted' or 'arrive[d]' in the United States"). Additionally, the consistent interpretation of the statute over a 30-year period prior to Respondents' current interpretation undercuts the argument that the statute so clearly requires mandatory detention for Petitioner. Furthermore, as the Supreme Court has explained, "oftentimes the 'meaning—or ambiguity—of certain words or phrases may only become evident when placed in context. So when deciding whether the language is plain, the Court must read the words 'in their context and with a view to their place in the overall statutory scheme.'" *King v. Burwell*, 576 U.S. 473, 474 (2015) (quoting *FDA v. Brown & Williamson*, 529 U.S. 120, 132 (2000)).

Here, the statutory context establishes that Section 1225 governs detention near the time of entry and Section 1226 governs detention once a noncitizen is present in the United States. *See Guerrero Orellana v. Moniz*, No. 25-CV-12664, 2025 WL 2809996, at *8 (D. Mass. Oct. 3, 2025) (quoting *Jennings*, 583 U.S. at 287, 289). This statutory scheme informs the Court's interpretation of Section 1225, which appears to govern mandatory detention for noncitizens seeking admission at the time of entry. The Court's overall interpretation of the statute aligns with this conclusion.

### 2. Persuasive Authority

Respondents also argue that various persuasive authorities support their interpretation. They first cite the BIA's decision in *Hurtado*, 29 I & N Dec. 216. (Dkt. No. 14 at 10). The Court does not find *Hurtado* persuasive and need not defer to it on matters of statutory interpretation. *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 400 (2024) (observing that while "agencies have no special competence in resolving statutory ambiguities," "[c]ourts do").

Respondents also rely on four district court cases supporting their interpretation of Section 1225. (Dkt. No. 14 at 11–12) (citing *Vargas Lopez*, 2025 WL 2780351; *Chavez*, 2025 WL 2730228; *Sandoval v. Acuna*, No. 6:25-CV-1467, 2025 WL 3048926 (W.D. La.

Oct. 31, 2025); *Cabanas*, 2025 WL 3171331). Yet there are literally hundreds of district court opinions that reach the opposite conclusion. *See Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at app. 1 (E.D. Pa. Nov. 18, 2025) (citing 282 district court decisions). Of course, none of the decisions by other district courts are binding on this Court, and as Judge Charles Eskridge noted in his thoughtful opinion reaching an interpretation contrary to this Court, "[u]ntil such time as the Fifth Circuit takes up this issue and gives an authoritative construction, it remains incumbent upon district courts to each make their own, independent assessment." *Cabanas*, 2025 WL 3171331, at *5.

The Court ultimately joins the majority of district courts in finding "the well-reasoned decisions of the many district courts that have rejected the Government's expansive view of 1225(b)(2) far more persuasive than the new BIA ruling, a ruling at odds with its prior decisions and DHS's actions over the past thirty years." *Salcedo Aceros v. Kaiser*, No. 25-CV-6924, 2025 WL 2637503, at *12 (N.D. Cal. Sep. 12, 2025). For the reasons stated above, Respondents' arguments do not support that their interpretation is correct. Having considered the parties' arguments and evaluated the analyses of the various district courts around the country, the Court concludes that Section 1226(a) governs Petitioner's detention and that Petitioner is entitled to a bond hearing.

### D. Remedy

Because the Court finds that Petitioner's detention is properly construed as falling under Section 1226(a) and that she is entitled to a bond hearing, the Court grants Petitioner's petition for a writ of habeas corpus. A district court has equitable discretion in determining the appropriate remedy "as law and justice require" for unlawful detention in a habeas petition. *See Brown v. Davenport*, 596 U.S. 118, 127–28 (2022). The Court finds that the specific harm Petitioner suffered—unlawful detention without a bond hearing—is remedied by granting her request for a bond hearing under Section 1226(a) and enjoining Respondents from denying bond on the basis that she is detained under Section 1225(b)(2). Given the liberty interest at stake, the Court finds that Respondents must provide Petitioner a bond hearing promptly, by the deadline ordered below.

Therefore, the Court, exercising its equitable discretion in fashioning appropriate habeas relief, further orders Respondents to immediately release Petitioner if a bond

hearing is not provided by the deadline ordered below, unless and until it is determined that she should be detained pursuant to the standard set forth in 8 U.S.C. § 1226.[4] *See e.g.*, *Lopez-Campos v. Raycraft*, No. 2:25-CV-12486, 2025 WL 2496379, at *10 (E.D. Mich. Aug. 29, 2025); *Velasquez Salazar v. Dedos*, No. 1:25-CV-835, 2025 WL 2676729, at *9 (D.N.M. Sep. 17, 2025); *Kostak v. Trump*, No. CV 3:25-1093, 2025 WL 2472136, at *4 (W.D. La. Aug. 27, 2025); *Lopez-Arevelo*, 2025 WL 2691828, at *13.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. No. 1), is **GRANTED in part and DENIED in part**. Petitioner's Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction, (Dkt. No. 2), is **DENIED** as moot.

The Court **ORDERS** Respondents to provide Petitioner a bond hearing under 8 U.S.C. § 1226(a) **by January 8, 2026.** If Petitioner is not provided a bond hearing, Respondents are **ORDERED** to release Petitioner **by January 8, 2026.** If Petitioner is released, Respondents must notify Petitioner's counsel of the exact time and location of release **no less than two hours** before her release.

No later than **January 12, 2026, at 5:00 p.m.,** the parties shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Petitioner's release. The parties should also notify the Court if the Government seeks a stay of the IJ's bond decision under 8 C.F.R. § 1003.19(i).

It is so **ORDERED**.

**SIGNED** on December 24, 2025.

_____
John A. Kazen
United States District Judge

---

[4] Petitioner challenges her detention on both statutory and constitutional grounds. The Court "'will decline to decide the merits' of the due process claim 'given that the Court will grant the relief [s]he seeks based on its interpretation of the applicability of § 1226(a).'" *Buenrostro-Mendez*, No. H-25-3726, slip op. at *3 n.4 (quoting *Pizarro Reyes*, 2025 WL 2609425, at *8).